1  Randall S. Leff (SBN 77148)
      rleff@ecjlaw.com
2  Russell M. Selmont (SBN 252522)
      rselmont@ecjlaw.com
3  **ERVIN COHEN & JESSUP LLP**
   9401 Wilshire Boulevard, Ninth Floor
4  Beverly Hills, California 90212-2974
   Telephone  (310) 273-6333
5  Facsimile  (310) 859-2325

6  Attorneys for SCHWARTZMAN PICTURES, INC., a California corporation

7

## UNITED STATES DISTRICT COURT

8

## CENTRAL DISTRICT OF CALIFORNIA

9

10  SCHWARTZMAN PICTURES, INC.,          Case No.

11                     Plaintiff,         **COMPLAINT FOR:**

12          v.                            **1)  TRADEMARK
                                          INFRINGEMENT;**
13  VANS, INC., a Delaware corporation;   **2)  COMMON LAW TRADEMARK
    and DOES 1 through 10,                INFRINGEMENT;**
14                                        **3)  UNFAIR COMPETITION;**
                                          **4)  CALIFORNIA COMMON LAW
15                     Defendants.        UNFAIR COMPETITION;**

16

17

18                                        **JURY TRIAL DEMANDED**

19

20          Plaintiff SCHWARTZMAN PICTURES, INC., a California corporation,

21  complains of Defendant VANS, INC. as follows:

22          1.      Plaintiff SCHWARTZMAN PICTURES, INC. ("SPI") is a corporation

23  organized and existing pursuant to the laws of the State of California, with its

24  principal place of business located in the County of Los Angeles, State of

25  California.

26          2.      Plaintiff is informed and believes and thereon alleges that Defendant

27  Vans, Inc., ("Vans")  is a corporation organized and existing pursuant to the laws of

28

ERVIN COHEN & JESSUP LLP

14959.1:2411412.1

1    the State of Delaware, with its principal place of business located in the City of

2    Cypress, State of California.

3        3.      Plaintiff is informed and believes and thereon alleges that the

4    individuals and/or entities designated herein as DOES 1 through 10 are the agents

5    and/or representatives of the named Defendant herein, and each of them, and in

6    doing the acts complained of herein, acted in their capacities as agents,

7    representatives and or co-conspirators of the named Defendants, thereby making

8    them a part of this action.  As soon as the specific names and capacities of the DOE

9    Defendants are ascertained, this Complaint will be amended to reflect same.

10                       **JURISDICTION AND VENUE**

11       4.      The Court has personal jurisdiction over the Defendants by virtue of the

12   fact that the Defendants are located and transact business within the Central District

13   of California.

14       5.      The Court has subject matter jurisdiction over this action pursuant to 28

15   U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1114 and 1125(a) (the Lanham Act

16   of 1946 as amended) and supplemental jurisdiction over the state law claims

17   pursuant to 28 U.S.C. § 1367. This Court also has subject matter jurisdiction over

18   the federal questions presented pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §

19   1131 and 1138.

20       6.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d),

21   and 18 U.S.C. §1965.

22                        **STATEMENT OF FACTS**

23       7.      Plaintiff is informed and believes and thereon alleges that Defendant

24   Vans is a shoe and apparel company that manufactures and sells shoes, apparel and

25   accessories for those who participate in extreme sports, such as BMX dirt bike

26   racing and skateboarding.

27       8.      In the year 1986, a motion picture entitled "Rad," was produced and

28   released.  "Rad" was the story of a young man named Cru Jones, who had the

ERVIN COHEN & JESSUP LLP

1   intensity and desire to win a BMX race called Helltrack. "Rad" involved scenes and
2   images of BMX bike racing and racing stunts. Since 1986, SPI and its predecessor
3   in interest have been the interest holders in the copyrights and trademarks associated
4   with film "Rad," including the use of the trademark which is a stylized version of
5   the word "Rad" with an underline (hereinafter the "Mark"), which was used on film
6   posters, advertisements and on screen. Plaintiff has been using the mark since at
7   least February of 1987.

8        9.     On or about August 14, 2012, Plaintiff learned that Vans had been
9   selling shoes containing the mark when someone familiar with Plaintiff's ownership
10  of the Mark actually saw a pair of Vans shoes displaying the Mark. Plaintiff
11  subsequently searched the internet for Vans shoes containing the Rad Mark, and on
12  information and belief, learned that Vans had been selling shoes displaying
13  Plaintiff's Mark since at least 2007.

14       10.    Plaintiff reached out to Vans in August 2012 to discuss a potential
15  licensing deal of the Mark for use on Vans' apparel but no deal was ever reached.
16  Still, on information and belief, Vans continued and continues to sell shoes and
17  apparel displaying the Mark without a license from Plaintiff.

18       11.    On October 8, 2013, SPI registered the stylized version of the word
19  "Rad" with an underline (the Mark) with the U.S. Patent and Trademark Office,
20  bearing Serial No.: 86085212. A true and correct copy of a printout of the
21  Trademark Registration Search for Serial No.: 8605212 is attached hereto as Exhibit
22  "A."

23       12.    Within the three (3) years last past, Plaintiff has learned that Defendant
24  was using the "Rad" mark on shoes, apparel and accessories sold by Vans in its
25  stores and to other retailers. Unless enjoined and restrained, Defendants' conduct
26  threatens to further infringe Plaintiff's trademark interests.

27

28

**FIRST CLAIM**

**(Violation of 15 United States Code §1114(1)(a) Trademark Infringement Against All Defendants)**

13.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 13, inclusive, as though set forth in full.

14.     This action arises under the trademark laws of the United States, Title 15 of the United States Code.

15.     Plaintiff, and its predecessor in interest have used the "Rad" Mark in commerce since 1986.

16.     Plaintiff SPI is the owner of U.S. Trademark Registration No. 86085212.

17.     Defendants have been using the "Rad" Mark on its shoes, apparel and accessories, in connection with their sale, offer for sale and advertising in interstate commerce without authorization or consent by SPI.  Plaintiff is informed and believes Vans has done so since at least 2007.

18.     Defendants' use of the "Rad" Mark is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114(1)(a) who may believe that the shoes, apparel and accessories bearing the "Rad" Mark are authorized or endorsed by the creators of the "Rad" motion picture and SPI.

19.     Defendants' conduct has caused SPI to suffer and unless enjoined by this Court, will cause SPI to continue to suffer damages to its operations, reputation and goodwill, including, but not limited to damage to SPI's core business of licensing and merchandising the intellectual property which it owns and controls.

20.     By reason of Defendants' wrongful acts, SPI has been injured in an amount to be determined at trial and is entitled to the remedies provided for in 15 U.S.C. § 1116 *et. seq.*

**SECOND CLAIM**

**(Violation of 15 United States Code §1125(a) et seq Common Law**

**Trademark Infringement Against All Defendants)**

21.  Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 13, inclusive, as though set forth in full.

22.  The "Rad" Mark as described above, has been extensively used and promoted through the United States in connection with SPI's licensing activities.

23.  SPI's Common Law Trademark is inherently distinctive. As a result of SPI's prior use and promotion of SPI's Common Law Trademark, the trademark has become well and favorably known throughout the United States. SPI's Common Law Trademark has developed exceedingly valuable goodwill.

24.  Defendants have knowingly, willfully and intentionally created, advertised, promoted, displayed, offered for sale and/or sold shoes, apparel and accessories bearing identical, nearly identical and/or confusingly similar copies of the "Rad" Mark.

25.  Defendant's use of the "Rad" Mark on the infringing products, advertisements and websites has caused confusion in the market and is likely to cause further confusion amongst members of the relevant public and trade, *i.e.*, to believe that Defendants' products are provided by, or in affiliation with, or under the sponsorship or approval of SPI.

26.  Defendants, and each of them, willfully selected, adopted and/or used the "Rad" mark on the infringing shoes, apparel and accessories with knowledge of SPI's valuable goodwill and business reputation associated therewith, and with intent to confuse, mislead and deceive the public into believing the infringing clothing products and accessories are associated with, manufactured by, sold approved, sponsored or endorsed by SPI.

27.  The confusion, mistake or deception referred to above arises out of acts alleged above which constitute common law trademark infringement and false

ERVIN COHEN & JESSUP LLP

1   designation of origin as that phrase is used in 15 U.S.C § 1125 (a).

2       28.     Unless restrained by this Court, Defendants will continue to infringe

3   SPI's Common Law Trademark by their use on the infringing products,

4   advertisements and websites.

5       29.     By its wrongful acts, Defendants, unless restrained by this Court, will

6   cause serious and irreparable harm to SPI.

7       30.     SPI has no adequate remedy at law.

8       31.     By reason of Defendants' wrongful acts, SPI has been injured in an

9   amount to be determined at trial.

10

11                                   **THIRD CLAIM**

12      **(Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq.* Against All**

13                                     **Defendants)**

14      32.     Plaintiff hereby incorporates the allegations contained in paragraphs 1

15  through 12, inclusive, as though set forth in full.

16      33.     The acts and conduct of Defendants as alleged above in this Complaint

17  constitute unfair, unlawful and/or fraudulent practices as defined by California Bus.

18  & Prof. Code § 17200, *et seq.*

19      34.     The acts and conduct of Defendants are likely to cause confusion and

20  mistake among customers and the public as to the origin or association of

21  Defendants' infringing shoes, apparel and accessories which bear the "Rad" Mark.

22  The acts and conduct of Defendants are likely to lead the public to conclude,

23  incorrectly, that the infringing shoes, apparel and accessories manufactured  by

24  Defendants originate with, are sponsored by, or are authorized by SPI, all to the

25  damage and harm of SPI.

26      35.     As a result, Defendants should be required to disgorge any profit or

27  gain that it obtained as a result of its wrongful activity, and be enjoined from

28  infringing on SPI's trademarks.

ERVIN COHEN & JESSUP LLP

**FOURTH CLAIM**

**(California Common Law Unfair Competition Against All Defendants)**

36.     Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 13, inclusive, as though set forth in full.

37.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of California.

38.     Defendants' conduct as alleged above has damaged and will continue to damage SPI's goodwill and reputation and has resulted in losses to SPI and an illicit gain of profit to Defendants in an amount unknown at the present time.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all shoes, clothing, apparel, accessories, advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributory infringe, or vicariously infringe upon the "Rad" Mark.

2.     Defendants be held liable to Plaintiff for damages pursuant to 15 U.S.C.§ 1114(1)(a) in an amount to be proven at trial. For Plaintiff's actual damages along with the Defendants' gains, profits, and advantages attributable to their unlawful conduct of false designation of origin, unfair competition, and common law trademark infringement according to proof to be proved at trial, and that such liability be decreed jointly and severally against all Defendants.

4.     For injunctive relief ordering Defendants to cease any and all further acts of infringement under the Lanham Act and/or unfair competition.

5.     For Plaintiffs attorneys' fees and costs of this action.

6.    For punitive and exemplary damages.

7.    For any such other and further relief as the Court may deem just and appropriate, including pre-and post-judgment interest.

DATED: August 13, 2015          ERVIN COHEN & JESSUP LLP
                                Randall Leff
                                Russell M. Selmont


                                By:  /s/ Randall S. Leff
                                     Randall S. Leff
                                     Attorneys for SCHWARTZMAN
                                     PICTURES, INC., a California corporation


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each and every cause of action set forth in the Complaint.

DATED: August 13, 2015          ERVIN COHEN & JESSUP LLP


                                By:  /s/ Randall S. Leff
                                     Randall S. Leff
                                     Attorneys for SCHWARTZMAN
                                     PICTURES, INC., a California corporation

ERVIN COHEN & JESSUP LLP

14959.1:2411412.1

8

COMPLAINT